**HOUSER LLP**
Jacob Tebele, Esq.
60 East 42nd Street, Ste. 2200
New York, NY 10165
P. 212.490.3333
jtebele@houser-law.com
*Attorneys for Defendant PHH Mortgage Corporation*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA M. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>Defendant. | Case No.: 23-01212 (MBK)<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant PHH Mortgage Corporation ("Defendant"), by and through its attorneys, Houser LLP, respectfully answers the Complaint filed by plaintiff Linda M. Rodriguez ("Plaintiff"), and further asserts affirmative defenses as follows:

### PRELIMINARY STATEMENT

1. Paragraph "1" of the Complaint states a legal conclusion, and references a legal conclusion, to which no answer is required. However, to the extent that this paragraph can be read as alleging any wrongful conduct by Defendant, it is expressly denied. Defendant respectfully refers all questions of law referenced in Paragraph "1" to the Court.

### JURISDICTION

2. Paragraph "2" of the Complaint states a legal conclusion, and references a legal conclusion, to which no answer is required. However, to the extent that this paragraph can be read

1

as alleging any wrongful conduct by Defendant, it is expressly denied. Defendant respectfully refers all questions of law referenced in Paragraph "2" to the Court.

3. Paragraph "3" of the Complaint states a legal conclusion, and references a legal conclusion, to which no answer is required. However, to the extent that this paragraph can be read as alleging any wrongful conduct by Defendant, it is expressly denied. Defendant respectfully refers all questions of law referenced in Paragraph "3" to the Court.

## PARTIES

4. Defendant denies the portion of Paragraph "4" of the Complaint related to Plaintiff's residence as it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. However, Plaintiff admits that Plaintiff filed a bankruptcy petition on May 7, 2019.

5. Defendant denies Paragraph "5" of the Complaint except admits that Defendant is authorized to do business in the State of New Jersey.

## FACTUAL ALLEGATIONS

6. Defendant admits Paragraph "6" of the Complaint.

7. Defendant denies Paragraph "7" of the Complaint as it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8. Defendant denies Paragraph "8" of the Complaint, except it admits the existence of a note and mortgage.

9. Defendant denies the portion of Paragraph "9" of the Complaint related to the commencement of this action. However, Defendant admits that Plaintiff filed a bankruptcy petition on May 7, 2019.

10. Defendant admits Paragraph "10" of the Complaint.

11. Defendant admits that it had not received Plaintiff's May 2019 mortgage payment as of the Petition Date, but otherwise denies Paragraph "11" of the Complaint.

12. Defendant admits Paragraph "12" of the Complaint.

13. Defendant denies Paragraph "13" of the Complaint.

14. Defendant denies Paragraph "14" of the Complaint.

15. Defendant denies Paragraph "15" of the Complaint.

16. Defendant admits the portion of Paragraph "16" of the Complaint that alleges that the Court confirmed Plaintiff's bankruptcy plan but denies the remainder of the allegations in the paragraph.

17. Defendant admits Paragraph "17" of the Complaint.

18. Defendant denies Paragraph "18" of the Complaint, except to admit the existence of the consent order.

19. Defendant denies Paragraph "19" of the Complaint.

20. Defendant admits the portion of Paragraph "20" of the Complaint that alleges that Plaintiff objected to Defendant's fees. However, Defendant denies the portion of the paragraph that alleges that the objection was filed on October 21, 2020.

21. Defendant admits Paragraph "21" of the Complaint.

22. Defendant denies Paragraph "22" of the Complaint.

23. Defendant admits Paragraph "23" of the Complaint.

24. Defendant admits Paragraph "24" of the Complaint.

25. Defendant denies Paragraph "25" of the Complaint, except admits to the contents of the Settlement Agreement, which speaks for itself.

26. Defendant denies Paragraph "26" of the Complaint, except admits to the contents

of the Settlement Agreement, which speaks for itself.

27. Defendant denies Paragraph "27" of the Complaint, except admits to the contents of the Settlement Agreement, which speaks for itself.

28. Defendant denies Paragraph "28" of the Complaint, except admits to the contents of the Settlement Agreement, which speaks for itself.

29. Defendant denies Paragraph "29" of the Complaint, except admits to the contents of the Settlement Agreement, which speaks for itself.

30. Defendant denies Paragraph "30" of the Complaint.

31. Defendant admits that the Court approved the Settlement Agreement but denies the remainder of the allegations in Paragraph "31" of the Complaint.

32. Defendant admits Paragraph "32" of the Complaint.

33. Defendant admits Paragraph "33" of the Complaint.

34. Defendant denies Paragraph "34" of the Complaint.

35. Defendant admits Paragraph "35" of the Complaint.

36. Defendant denies Paragraph "36" of the Complaint.

37. Defendant denies Paragraph "37" of the Complaint.

38. Paragraph "38" of the Complaint states an assertion, to which no answer is required. However, to the extent that this paragraph can be read as alleging any wrongful conduct by Defendant, it is expressly denied.

39. Defendant denies Paragraph "39" of the Complaint.

40. Defendant denies Paragraph "40" of the Complaint.

41. Defendant denies Paragraph "41" of the Complaint.

42. Defendant denies Paragraph "42" of the Complaint.

43. Defendant denies Paragraph "43" of the Complaint.

44. Defendant denies Paragraph "44" of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief, Injunctive Relief, and Damages for Breach of Contract)**

45. As to Paragraph "45" of the Complaint, Defendant repeats and re-alleges each and every response to the allegations contained in the preceding paragraphs above as though fully set forth herein.

46. Defendant admits Paragraph "46" of the Complaint.

47. Defendant denies Paragraph "47" of the Complaint.

48. Defendant denies Paragraph "48" of the Complaint.

49. Defendant denies Paragraph "49" of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Declaratory Relief, Injunctive Relief, and Damages for Breach of Contract)**

50. As to Paragraph "50" of the Complaint, Defendant repeats and re-alleges each and every response to the allegations contained in the preceding paragraphs above as though fully set forth herein.

51. Defendant admits Paragraph "51" of the Complaint.

52. Defendant denies Paragraph "52" of the Complaint.

53. Defendant denies Paragraph "53" of the Complaint.

54. Defendant denies Paragraph "54" of the Complaint.

## THIRD CLAIM FOR RELIEF

**(Declaratory Relief, Injunctive Relief, and Damages for Breach of Contract)**

55. As to Paragraph "55" of the Complaint, Defendant repeats and re-alleges each and

every response to the allegations contained in the preceding paragraphs above as though fully set forth herein.

56. Defendant admits Paragraph "56" of the Complaint.

57. Defendant denies Paragraph "57" of the Complaint.

58. Defendant denies Paragraph "58" of the Complaint.

59. Defendant denies Paragraph "59" of the Complaint.

**WHEREFORE,** Defendant prays for an Order and demands judgment: (a) dismissing Plaintiff's Complaint in its entirety; (b) awarding costs and disbursements to Defendant incurred in defending against Plaintiff's Complaint, including costs of suit and reasonable attorney's fees; and (c) awarding such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses with respect to the purported claims for relief alleged in the Complaint.

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted. Accordingly, the Complaint should be dismissed in its entirety.

### Second Affirmative Defense
### (Waiver)

The Complaint, in whole or in part, is barred by the doctrine of waiver.

### Third Affirmative Defense
### (Estoppel)

Plaintiff is equitably estopped, in whole or in part, from asserting these claims against Defendant.

### Fourth Affirmative Defense
### (Laches)

The Complaint, in whole or in part, is barred by the doctrine of laches.

### Fifth Affirmative Defense
### (Compliance with Governing Law)

Defendant's good faith compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit preclude its liability to Plaintiff.

### Sixth Affirmative Defense
### (Unclean Hands)

Plaintiff's own unclean hands act as a bar to the relief and remedies requested.

### Seventh Affirmative Defense
### (Documentary Evidence)

Defendant possesses a defense founded upon documentary evidence.

### Eighth Affirmative Defense
### (Litigation Privilege)

Defendant possesses a defense founded upon the litigation privilege.

### Ninth Affirmative Defense
### (Proximate Cause/Contribution)

Plaintiff's damages, if any, were proximately caused or contributed to by Plaintiff or by the conduct of other parties over whom Defendant has no control or liability and who are not a party to this action.

### Tenth Affirmative Defense
### (Mitigation)

Plaintiff failed to mitigate damages, if any.

### Eleventh Affirmative Defense
### (Bona Fide Error)

The Complaint is barred, in whole or in part, to the extent that Defendant's alleged actions,

if done at all, were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid those types of errors.

### Twelfth Affirmative Defense
### (Ratification)

Plaintiff, by her own acts, conduct, and/or omissions, ratified the acts, conduct, and/or alleged omissions of Defendant.

### Thirteenth Affirmative Defense
### (Judicial Estoppel)

Plaintiff is judicially estopped from asserting any claim against Defendant.

### Fourteenth Affirmative Defense
### (Unjust Enrichment)

Plaintiff would be unjustly enriched by the relief she seeks.

### Fifteenth Affirmative Defense
### (Reservation of Rights and Non-Waiver)

Defendant reserves the right to assert additional defenses, including affirmative defenses, based upon further investigation and/or discovery. Defendant also reserves the right to amend or supplement this Answer based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiff, and for any such amendments or supplements to the Answer to relate back to the filing of the original Answer.

**WHEREFORE,** Defendant prays for an Order and demands judgment: (a) dismissing Plaintiff's Complaint in its entirety; (b) awarding costs and disbursements to Defendant incurred in defending against Plaintiff's Complaint, including costs of suit and reasonable attorney's fees; and (c) awarding such further relief as the Court deems just and proper.

Dated: New York, New York  
September 11, 2023

**HOUSER LLP**

_/s/ Jacob Tebele_  
By: Jacob Tebele, Esq.

60 East 42nd Street, Ste. 2200
New York, NY 10165
P. 212.490.3333
jtebele@houser-law.com
*Attorneys for Defendant PHH Mortgage Corporation*