| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Law Offices of Andy Winchell<br>90 Washington Valley Road<br>Bedminster, New Jersey 07921<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Debtor | |
| In Re:<br><br>Linda M. Rodriguez<br><br>            Debtor | Case No.: 19-19288 (MBK)<br><br>Chapter: 13 |
| Linda M. Rodriguez<br><br>            Plaintiff<br><br>vs.<br><br>PHH Mortgage Corporation<br><br>            Defendant | Adv. Pro. No: 23-01212 (MBK) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## Table of Contents

A. Preliminary Statement ...................................................................................................1

B. The Applicable Standard for a Motion For Summary Judgment Pursuant to Rule 56. ...................................................................................................................................2

C. Statement of Facts..........................................................................................................3

D. Discussion ......................................................................................................................7

    1. The Defendant breached the Settlement Agreement by Failing to Remove The Original $1,050 that Caused the First Adversary Proceeding ...................................7

    2. The Defendant breached the Settlement Agreement by Adding the Attorney's Fees and Mediation Fees Into the Mortgage Loan, By Not Complying with FRBP 3002.1 Before Doing So, and by Failing To Remove the Fees Within Thirty Days Thereof..........................................................................................................................8

        a. The Defendant added the Attorney's Fees and Mediation Fees into the Mortgage Loan................................................................................................9

        b. The Defendant failed to comply with FRBP 3002.1 before adding the Attorney's Fees and Mediation Fees into the Mortgage Loan. .....................9

        c. The Defendant failed to remove the Attorney's Fees and Mediation Fees from the Mortgage Loan within thirty days after adding them....................10

    3. The Plaintiff is Entitled to Attorney's Fees Pursuant to the Settlement Agreement...................................................................................................................10

E. Conclusion....................................................................................................................12

## Table of Authorities

**Cases**

Alcoa Edgewater No. 1 Fed. Ceed. Union v Carroll, 210 A.2d 68, 44 N.J. 442 (N.J. 1965) .................................................................................................................................. 11

Belfer v. Merling, 322 N.J. Super 124, 730 A.2d 434, 444 (N.J. Super. 1999) ................... 11

In re Boyd, 401 B.R. 137 (Bankr. D.N.J. 2008) ..................................................................... 12

Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990 ............................... 3

Wetzel v. Tucker, 139 F.3d 380, 383 (3d Cir. 1998) ............................................................... 2

**Rules**

Fed. R. Civ. P. 56(c) ................................................................................................................... 2

Fed. R. Bankr. P. 3002.1 ..................................................................................................... passim

A. **PRELIMINARY STATEMENT**

The Plaintiff/Debtor herein hereby moves for summary judgment against the defendant, PHH Mortgage Corporation (the "Defendant").

This is a relatively straightforward case. The issue is whether the Defendant breached a settlement agreement in any one of several different ways. As explained in the Complaint that commenced this action, the Plaintiff and Defendant resolved Adversary Proceeding 21-01506 (the "First Adversary Proceeding") through a settlement agreement (the "Settlement Agreement"), attached hereto as Exhibit 7, that contained the following relevant provisions:

First, the Defendant agreed to remove from the Plaintiff's mortgage loan (the "Mortgage Loan") <u>all</u> fees other than real estate taxes and insurance, <u>even the fees approved by the Court</u>, that the Defendant had added to the Mortgage Loan (collectively the "Non-Recoverable Costs").

Second, the Defendant agreed to pay the Debtor's counsel $15,000 in attorney's fees (the "Attorney's Fees") and the mediator $5,000 in mediator fees (the "Mediation Fees").

Third, the Defendant agreed never to add any portion of the Non-Recoverable Costs, Attorney's Fees, or Mediation Fees back into the Mortgage Loan.

Fourth, the Defendant agreed not to add <u>any</u> amounts to the Mortgage Loan other than taxes and insurance for the remainder of the Bankruptcy Case without <u>first</u> complying with notice requirements contained in Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

Fifth, the Settlement Agreement provided that if any Non-Recoverable Costs were added into the Mortgage Loan without the Defendant first complying with Rule 3002.1

1

of the Federal Rules of Bankruptcy Procedure and <u>remained on the Defendant records for more than thirty days without being removed</u>, the Defendant would be in breach of the Settlement Agreement.

Again as explained in the Complaint, the Plaintiff later obtained documents from the Defendant showed that the Defendant: (1) failed to remove significant amounts of Non-Recoverable Costs from the Mortgage Loan; (2) added both the Attorney's Fees and the Mediation Fees back into the Mortgage Loan; and (3) allowed the Attorney's Fees and Mediation Fees to remain in the Mortgage Loan for more than thirty days. The Defendant never filed a notice pursuant to Rule 3002.1 with respect to any of these amounts.

None of the foregoing is in material dispute.[1]

### B. THE APPLICABLE STANDARD FOR A MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56.

Summary judgment is appropriate when the evidence fails to demonstrate a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When the nonmoving party bears the burden of persuasion, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden at trial. For the purposes of a motion for summary judgment the nonmoving party is given the benefit of all reasonable inferences. <u>Wetzel v. Tucker</u>, 139 F.3d 380, 383 (3d Cir. 1998); <u>see also</u> Fed. R. Civ. P. 56(c). However, "an inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." <u>Robertson v. Allied Signal, Inc.</u>, 914 F.2d 360, 382 n.12 (3d Cir. 1990).

---

[1] The Defendant has denied some of the forgoing during this litigation but has produced no evidence to contradict any of the facts.

2

### C. STATEMENT OF FACTS

As explained above and in the Separate Statement of Material Facts, the parties to this litigation settled the First Adversary Proceeding via the Settlement Agreement attached hereto as Exhibit 7. The First Adversary Proceeding arose because the Defendant had been reporting the Debtor as late in payments on her Mortgage Loan even though she was current in her payments when she filed the Bankruptcy Case and had never missed a payment. Part of the reason for the Defendant's incorrect reporting was $1,050 in attorney's fees that the Court had approved and that the Defendant had added into the Mortgage Loan. To make the Debtor current on her Mortgage Loan again, the Settlement Agreement required the Defendant to remove "any charges to the Mortgage Loan other than local real estate taxes and insurance." See Settlement Agreement, paragraph 1. The Settlement Agreement defined every charge except local real estate taxes and insurance as "Non-Recoverable Costs." The Settlement Agreement enumerated that "Non-Recoverable Costs include, without limitation, appraisal fees, inspection fees, attorney's fees, and late fees." In short, to comply with the Settlement Agreement, the Defendant was required to remove every charge from the Mortgage Loan other than "local taxes and insurance."

It is worth noting that the requirement that the Defendant remove all fees from the Mortgage Loan was both: (a) an important settlement term for the Debtor; and (b) not controversial during the negotiations to resolve the First Adversary Proceeding. It was important to the Debtor because the primary reason for the First Adversary Proceeding was that the Defendant's incorrect reporting that the Debtor was behind in payments on her Mortgage Loan had caused the Debtor not to be able to refinance her

3

property. See Complaint, Docket # 1 of the First Adversary Proceeding, paragraphs 11-44.

The Settlement Agreement contained other mechanisms to safeguard against the Defendant adding Non-Recoverable Costs into the Mortgage Loan. First, the Defendant is prohibited from adding a Non-Recoverable Cost or seeking repayment of a Non-Recoverable Cost from any source "without first filing a Notice of Post-petition Fees under Federal Rule of Bankruptcy Procedure (FRBP) 3002.1." See Settlement Agreement, paragraph 1. Second, if for any reason the Defendant were to add a Non-Recoverable Cost to the Mortgage Loan without first filing a notice pursuant to FRBP 3002.1 and such charge remained on the Mortgage Loan for more than thirty days, it was automatically deemed a breach of the Settlement Agreement. Third, the Defendant is prohibited from adding any portion of the $15,000 in attorney's fees and the $5,000 in mediation fees that it agreed to pay to resolve the First Adversary Proceeding into the Mortgage Loan or to seek repayment of those amounts from any source that might lead to their being added into the Mortgage Loan. See Settlement Agreement, paragraph 5.

The Debtor and Defendant executed and consummated the Settlement Agreement after noticing all parties and receiving no objection. The Debtor sent the "Notice of Proposed Compromise or Settlement of Controversy" attached hereto as Exhibit 8 to all parties on or about November 15, 2022. The Notice of Proposed Compromise or Settlement of Controversy states plainly that the salient terms of the settlement were "Defendant agrees to correct all mortgage servicing errors, remove all fees imposed during bankruptcy case, pay $15,000 in attorney's fees, and pay $5,000 in mediation fees." No party objected to the proposed Settlement Agreement.

The Debtor later discovered that the Defendant had breached the Settlement Agreement in several ways. First, the Defendant failed to remove the original $1,050 in its counsel fees that the Defendant had agreed to remove. Attached hereto as Exhibit 2 is a reconciliation of the Mortgage Loan's Corporate Advance History created by Bernard Jay Patterson, a loan servicing expert. It shows that from June 24, 2019 to January 7, 2020, the Plaintiff added a total of $1400 that remained in the Mortgage Loan.[2] As explained above, the Court allowed $1,050 of the demanded $1,400 by its order dated November 20, 2020 (Bankruptcy Case, Docket #47). Even though the Defendant's agreeing to remove that $1,050 was a precondition to ending the First Adversary Proceeding, the $1,050 remained in the Mortgage Loan as late as December 2023 when the Defendant provided the Plaintiff with a copy of the "Corporate Advance Disbursement" screen attached hereto as Exhibit 4. There, on the very first page and highlighted in red, the Corporate Advance Disbursement screen shows $1,050 as "Mortgagor Recoverable." The Defendant also confirmed the continued presence of the original $1,050 on the Debtor's mortgage statements attached hereto as Exhibit 5. There, the Defendant lists the $1,050 as "outstanding unpaid fees and charges" and is continuing to demand that she pay this amount. Again, the Debtor has never missed a mortgage payment and yet is being deemed behind on her Mortgage Loan in violation of the Settlement Agreement. In short, there is no question that the Defendant failed to remove the original $1,050 that was the first term of the Settlement Agreement.

---

[2] It is worth noting that the Defendant never described these amounts as real estate taxes or insurance. The Defendant filed two notice pursuant to 3002.1 with respect to these amounts. The Notice of Postpetition Mortgage Fees, Expenses and Charges filed with the Court on October 23, 2019 describes its $900 in fees for "Plan review, Proof of claim, and POC 410A." The Notice of Postpetition Mortgage Fees, Expenses and Charges filed with the Court on January 1, 2020 describes its $500 in fees for "Objection to Confirmation." The Defendant coded these amounts as "630 – Corporate Advance Disbursement" on its Customer Account Activity Statement attached hereto as Exhibit 3. Had these amounts been for real estate taxes or insurance, the transaction codes would have been "313 Payment of City tax" or "351 – Payment of the Hazard insurance."

5

Second, the Defendant added Non-Recoverable Costs into the Mortgage Loan in contravention of paragraph 1 of the Settlement Agreement. As noted above, the Settlement Agreement required the Defendant to pay $15,000 in Attorney's Fees and $5,000 in Mediation Fees but prohibited the Defendant from ever adding those amounts into the Mortgage Loan. The February 2023 loan history mentioned above and attached hereto as Exhibit 3 shows that the Defendant added the Attorney's Fees and Mediation Fees into the Mortgage Loan on January 5, 2023. On that date, the Advance Balance total jumped from $1,050 (the original amount that should have been removed but never was) to $21,050 after the Defendant added $20,000 worth of Attorney's Fees and Mediation Fees into the Mortgage Loan in contravention of the Settlement Agreement.

Third, the Defendant failed to comply with FRBP 3002.1 before adding the Attorney's Fees and Mediation Fees. A review of the bankruptcy case docket shows that the Defendant has not filed any such notices since 2020.

Fourth, the Defendant left Non-Recoverable Costs in the Mortgage Loan for longer than thirty days. As explained above, the Defendant had placed $20,000 worth of Attorney's Fees and Mediation Fees in the Mortgage loan on January 5, 2023. Doing so violated the Settlement Agreement. But the Settlement Agreement also imposed an affirmative duty on the Defendant to remove all such charges within thirty days of adding them; the Plaintiff was not required to alert the Defendant of its violation. Thus, the Defendant was required to remove the Attorney's Fees and Mediation Fees no later than February 4, 2023. As explained in paragraph 21 of the Certification of Bernard Jay Patterson, the Defendant removed the Attorney's Fees and Mediation Fees on February 27, 2023, nearly a month after the thirty-day window had passed.

### D. DISCUSSION

The Defendant quite plainly breached the Settlement Agreement in multiple different ways. The Defendant must remedy its breaches and pay the Plaintiff her damages.

### 1. THE DEFENDANT BREACHED THE SETTLEMENT AGREEMENT BY FAILING TO REMOVE THE ORIGINAL $1,050 THAT CAUSED THE FIRST ADVERSARY PROCEEDING

As explained above, literally the first item of the Settlement Agreement is the Defendant's promise to remove "any charges to the Mortgage Loan other than local real estate taxes and insurance." The next sentence gives illustrations of the Non-Recoverable Costs lest there be any question of the meaning of the prior sentence: "Non-Recoverable Costs include, without limitation, appraisal fees, inspection fees, attorney's fees, and late fees." There is no exclusion for fees approved by the Court.

To resolve the First Adversary Proceeding, the Defendant agreed to forgo repayment of $1,050 in attorney's fees that it paid to its bankruptcy counsel so as not to be required to pay the Plaintiff the many more thousands in damages that she incurred as a result of the Defendant's conduct at issue in that litigation. Recall that the Debtor was current on her Mortgage Loan when she filed her bankruptcy case and has never missed a payment. It was (and remains) imperative to the Debtor that she be current on her Mortgage Loan when she exits chapter 13. Therefore, she was willing to forgo receipt of significant damages for the Defendant's misconduct that led to the First Adversary Proceeding so that she would be current on her Mortgage Loan when she completes her bankruptcy case. To do so, the Defendant had to remove <u>all</u> of the fees, even the $1,050

7

that the Court had approved.³ The Defendant readily agreed to do so even while pushing back on other terms ultimately incorporated in the Settlement Agreement.

There is no question that the Defendant did not remove the $1,050 that it agreed to remove in the Settlement Agreement. Paragraphs 13-20 of the Certification of Bernard Jay Patterson make clear that the $1,050 remains in the Mortgage Loan and that the Defendant continues to seek to collect it in contravention of the Settlement Agreement.

## 2. THE DEFENDANT BREACHED THE SETTLEMENT AGREEMENT BY ADDING THE ATTORNEY'S FEES AND MEDIATION FEES INTO THE MORTGAGE LOAN, BY NOT COMPLYING WITH FRBP 3002.1 BEFORE DOING SO, AND BY FAILING TO REMOVE THE FEES WITHIN THIRTY DAYS THEREOF.

The Settlement Agreement contains several safeguards to prevent the Defendant from placing Non-Recoverable Costs in the Mortgage Loan. For example, paragraph 5 of the Settlement Agreement specifically prohibited the Defendant from placing any portion of the combined $20,000 in Attorney's Fees and Mediation Fees into the Mortgage Loan at any time for any reason. Further, paragraph 1 of the Settlement Agreement requires the Defendant to comply with Rule 3002.1 of the Federal Rules of Bankruptcy Procedure <u>before</u> adding any charge other than local real estate taxes and insurance into the Mortgage Loan. Finally, if the Defendant adds any charge other than local real estate taxes or insurance to the Mortgage Loan without first complying with FRBP 3002.1, the Defendant's failure to remove such charge from the Mortgage Loan within thirty days in a manner that is apparent on all visible reports is a breach of paragraph 1 of the Settlement Agreement.

---

³ In fact, Paragraph 2 of the Settlement Agreement states that the Defendant agreed that the Debtor would be "deemed current in all respects" with respect to the Mortgage Loan; it was not possible for her to be current with $1,050 in fees remaining in the Mortgage Loan.

8

The Defendant breached all three of the foregoing provisions of the Settlement Agreement.

### a. The Defendant added the Attorney's Fees and Mediation Fees into the Mortgage Loan.

As explained above and in paragraph 21 of the Certification of Bernard Jay Patterson, on January 5, 2023, the Defendant added the Attorney's Fees and Mediation Fees into the Mortgage Loan. This was in direct violation of paragraph 5 of the Settlement Agreement: "[The Defendant] agrees never to add any portion of the Non-Recoverable Costs, the Attorney's Fees, or the Mediation Fees into the [Mortgage] Loan. [The Defendant] agrees never to seek repayment of the Non-Recoverable Costs, the Attorney's Fees, or the Mediation Fees from any source that might lead to their being added back into the [Mortgage] Loan.

### b. The Defendant failed to comply with FRBP 3002.1 before adding the Attorney's Fees and Mediation Fees into the Mortgage Loan.

As explained above and is apparent by reviewing the Court's docket, the Defendant never filed a notice pursuant to FRBP 3002.1 with respect to the Attorney's Fees or Mediation Fees. Paragraph 1 of the Settlement Agreement requires the Defendant to submit a notice pursuant to FRBP 3002.1 before adding any "Non-Recoverable Costs" (i.e., anything other than local real estate taxes or insurance) into the Mortgage Loan. There is no question that the Attorney's Fees and Mediation Fees constitute Non-Recoverable Costs. Therefore the Defendant was required to comply with FRBP 3002.1 before adding the Attorney's Fees and Mediation Fees into the Mortgage Loan.

      **c. The Defendant failed to remove the Attorney's Fees and Mediation Fees from the Mortgage Loan within thirty days after adding them.**

As explained above, paragraph 1 of the Settlement Agreement requires the Defendant to remove any Non-Recoverable Costs for which a 3002.1 notice was not filed within thirty days of their addition. The Defendant added the Attorney's Fees and Mediation Fees to the Mortgage Loan on January 5, 2023 and therefore was required to remove them no later than February 4, 2023. In fact, the Defendant did not remove the Attorney's Fees and Mediation Fees until February 27, 2023.

### 3. THE PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES PURSUANT TO THE SETTLEMENT AGREEMENT

The Settlement Agreement contains an expansive attorney's fees provision that awards attorney's fees to the prevailing party in an action to enforce the Settlement Agreement:

> If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover its reasonable attorney's fees and other expenses incurred in such action. Any award of attorney's fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorney's fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorney's fees paid or incurred in good faith.

Settlement Agreement, paragraph 7. Of particular note, the parties to the Settlement Agreement recognized that the actual damages that necessitated bringing this sort of action might be quite a bit smaller than the attorney's fees necessary to do so. Nevertheless, they agreed that the prevailing party should be entitled to receive "all attorney's fees paid or incurred in good faith."

10

New Jersey law generally upholds and enforces contractual attorney's fees provisions. See e.g., Alcoa Edgewater No. 1 Fed. Ceed. Union v Carroll, 210 A.2d 68, 44 N.J. 442 (N.J. 1965) (awarding attorney's fees under a contractual provision); Belfer v. Merling, 322 N.J. Super 124, 730 A.2d 434, 444 (N.J. Super. 1999) ("When a court enforces an agreement and awards the actual, reasonable, and necessary expenses of the aggrieved party in maintaining the action as part of his or her general damages, the court is merely adjudicating damages for breach of contract" citing to Cohen v Fair Lawn Dairies, Inc., 86 N.J. Super. 206 at 215, 206 A.2d 585 (App.Div.). aff'd 44 N.J. 450, 210 A.2d 73 (1965)). See also, In re Boyd, 401 B.R. 137 (Bankr. D.N.J. 2008) (noting that a fee-shifting provision in a promissory note is enforceable under New Jersey law).

Here, the Settlement Agreement has a provision that awards full attorney's fees to the prevailing party in an action brought to enforce the Settlement Agreement. As explained in detail above, there is no question that the Defendant breached the Settlement Agreement. As such, the Plaintiff is entitled to reimbursement of her attorney's fees incurred in prosecuting this action.

**E. CONCLUSION**

Wherefore, the Plaintiff requests that the Court enter summary judgment against the Defendant.

Dated this the 25th day of September, 2024.

/s/ Andy Winchell
Law Offices of Andy Winchell, PC
90 Washington Valley Road
Bedminster, New Jersey 07921
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff