<table>
<tr><td>
UNITED STATES BANKRUPTCY COURT<br>
DISTRICT OF NEW JERSEY<br>
Law Offices of Andy Winchell, P.C.<br>
90 Washington Valley Road<br>
Bedminster, New Jersey 07921<br>
Telephone No. (973) 457-4710<br>
andy@winchlaw.com<br>
By: Andy Winchell [AW-6590]<br>
Attorney for the Debtor
</td><td></td></tr>
</table>

| | |
|---|---|
| In Re:<br><br>Linda M. Rodriguez<br><br>        Debtor | Case No.: 19-19288 (MBK)<br><br>Chapter: 13 |
| Linda M. Rodriguez<br><br>        Plaintiff<br><br>    vs.<br><br>PHH Mortgage Corporation<br><br>        Defendant | Adv. Pro. No: 23-01212 (MBK) |

**CERTIFICATION OF BERNARD JAY PATTERSON
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Bernard Jay Patterson, being of full age, certify as follows:

1.   My name is Bernard Jay Patterson, CFE.

2.   I make this certification in support of the Plaintiff's Motion for Summary

Judgment (the "Motion")[1].

---

[1]  Capitalized terms not otherwise defined herein have the same meaning as in the Motion.

3.      I have personal knowledge of the matters set forth in this certification and am prepared to testify about the matters set forth herein.

4.      I am the owner of Full Disclosure, LLC.

5.      My business address is 6025 Battle Trail, Little Rock, Arkansas 72223.

6.      I am a Certified Fraud Examiner and Forensic Accountant. My Curriculum Vitae is attached hereto as **Exhibit #1**.

7.      I have specialized knowledge and experience in forensic and investigative accounting, auditing, and data analytics specifically related to mortgage loan servicing transactions, structured finance transactions and mortgage loan/servicer document forensics. I have practiced as a forensic accountant since 2007 and hold a Certified Fraud Examiner credential since November 2009. I hold a Bachelor of Science degree in Accounting from the University of Arkansas at Little Rock. I have testified and/or been admitted as an expert witness in a variety of jurisdictions, including federal courts, state courts, and legislative bodies around the country. I have developed methodologies used in the investigation, examination and analyses of mortgage loan servicing transactions, structured finance transactions, loan delivery processes/procedures and document forensics. I have developed methodologies used in the reconstruction of mortgage servicing accounting data and transactions extracted from proprietary and third-party systems of record. I have specialized knowledge of the data output and functions of most major mortgage servicing systems of record including Loansphere MSP, LSAMS, RealServicing, and Fiserve. I have also developed methodologies used in the analyses of mortgage servicing transactions in the bankruptcy context including development of escrow analysis software programs specialized for application in the bankruptcy area. I am nationally recognized in these

2

areas and regularly teach attorneys, state attorneys general, county recorders, judges, and bankruptcy trustees concerning these subjects throughout the country. My primary job function is to evaluate assertions made by others based on the evidence presented and discovered. Thereafter, I report and testify as to my analyses and findings. These investigations, examinations, and analyses include mortgage loan servicer accounting analyses at the loan level and investor level, processes and procedures regarding the sale, transfer and conveyance of mortgage loan documents as well as the mortgage loan servicing process in its entirety

8.      As a forensic accountant and auditor, I must possess certain characteristics, such as objectivity and independence. I also must uphold ethical standards. More specifically, a forensic accountant and auditor must have adequate training and proficiency gained through formal education, continuing education and experience. I also must stay current with the latest accounting, auditing, and industry pronouncements and developments. My qualifications substantially meet and exceed these standards, especially since my practice is limited to one industry segment.

9.      I have been hired by the Law Offices of Andy Winchell, P.C. to examine documents and data related to the Plaintiff's mortgage loan being serviced by PHH Mortgage Corporation.  More specifically, I will provide forensic accounting and investigative analyses related to the loan transactions as they relate to corporate advance transactions.

10.      I am being paid at my usual and customary rate of $300.00 per hour plus expenses.

11.      I have examined the following documents:

3

a.    Customer Account Activity Statements-PHH Mortgage dated 02/15/2023 for the dates 01/01/2019 – 02/15/2023.

b.    Corporate Advance History Screens.

c.    Monthly mortgage statements – PHH Mortgage 09-07-2023 to 08/06/2024.

d.    Payoff Quote – dated 02/10/2023.

e.    Notice of Post petition Mortgage Fees, Expenses, and charges filed 10/23/2019.

f.    Notice of Post petition Mortgage Fees, Expenses, and charges filed 01/21/2020.

12.    I completed a reconciliation of the corporate advance transactions[2] (Recon) reconstructed from the 2019-2023 payment histories and the Corporate Advance History Screens.  This reconciliation is attached as **Exhibit #2.**

13.    Debtor's Counsel has asserted to me that $1,050.00 in recoverable corporate advances should have been removed from the loan in accordance with a previous settlement agreement.  The $1,050 remaining from December 2020 has not been removed from the Mortgage Loan according to any documents that I have examined.

14.    From 06/24/2019 to 10/30/2019, the Plaintiff added a total of $1400.00 in recoverable corporate advance disbursements (RECON Lines 2,4,5,8) that remained recoverable in the Mortgage Loan until December 2020.  In December 2020 the

---

[2]  Corporate Advance disbursements are charges the loan servicer advances for various expenses relating to the servicing of the loan such as attorney fees, costs, property inspection fees.  Corporate advance transactions are coded as either Recoverable, Non-Recoverable, or Third-Party recoverable.  Recoverable corporate advances are generally recoverable from the borrower.  Non-Recoverable corporate advances are generally not recoverable from the borrower.

Defendant adjusted the amounts and coding to leave only recoverable corporate advance balance of $1,050.00. (Recon Line 31) This balance of $1,050.00 has remained a recoverable corporate advance within the loan up to and including the latest mortgage statement date 08/06/2024.

15.     The $1,050.00 is visible on multiple documents from 2020 to 2024.

16.     The corporate advance balance is shown in the payment history on 01/01/2021, 01/01/2022, and 01/01/2023 in the amount of $1,050.00. (**Exhibit #3,** highlighted)

17.     The Defendant's Corporate Advance Disbursement screen dated 12/07/2023 shows $1,050.00 listed as "Mortgagor Recoverable" meaning recoverable from the borrower.  (See **Exhibit #4**, highlighted)

18.     My examination of PHH's monthly mortgage statements from 09/2023 to 08/2024 each show "Outstanding Unpaid Fees, Returned Item Charges and Shortage" = $1,050.00.  (See **Exhibit #5,** highlighted)

19.     My examination of PHH's Payoff statement dated 02/10/2023 shows the "Total Payoff Amount due by 03/31/2023" = $174,429.82.  Included in this payoff total is $1,050.00 described as "Recoverable Balance".  **(Exhibit #6)**

20.     My investigation, examination and analyses of the transactions show that $1,050.00 in recoverable corporate advances remain on the account from December 2020 through August 2024.  The $1,050.00 is shown as part of the amount due in each monthly statement sent to the borrower.  The $1,050.00 is further shown as being included in a larger amount due to pay off the loan.  Unless PHH removes the $1,050.00, I would expect that any future loan history or payoff statement would include this amount as due.  As such, any potential future refinance of the property

might be compromised by the appearance that the Plaintiff was behind on her mortgage loan payments.  At a minimum, any payoff statement likely would contain the $1,050.00 and therefore she would be required to pay it if she were to refinance or sell the property.

21.     Further examination shows PHH added $20,718.83 in recoverable corporate advance disbursements on 01/05/2023 (Recon Lines 102-103).  These amounts were removed from recoverable status 53 days later on 02/27/2023 (Recon Lines 110-112).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated this 25th day of September, 2024.

 /s/ Bernard Jay Patterson
Bernard Jay Patterson