## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement and its Exhibits (collectively, "Agreement") is made and entered into as of the last day set forth on the signature page ("Effective Date") by and between PHH Mortgage Corporation ("PHH") and Linda Rodriguez ("Borrower") (individually, a "Party," and collectively, the "Parties") for the purpose of resolving by compromise and settlement of all claims, controversies, alleged liabilities, and disputes between them.

## RECITALS

This Agreement is entered into with reference to the following facts:

A. On January 21, 2009, Borrower executed a $ 312,112.00 note ("Note") in favor of Lincoln Mortgage Company secured by a mortgage ("Mortgage") encumbering Borrower's real property commonly known as 143 Montrose Avenue, South Plainfield, New Jersey 07080 ("Property"). (The Note, Mortgage, and associated origination documents are collectively referred to as the "Loan Documents," setting forth the terms of the "Loan.") The Property is more specifically described as follows:

> ALL THAT CERTAIN TRACT OR PARCEL OF LAND, SITUATED, LYING AND BEING IN THE BOROUGH OF SOUTH PLAINFIELD, COUNTY OF MIDDLESEX, STATE OF NEW JERSEY AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

> BEING KNOWN AND DESIGNATED AS LOTS 1, 2, 3 AND THE WESTERLY 10 FEET OF LOT 4, IN BLOCK K AS SHOWN ON A CERTAIN MAP ENTITLED "SOUTH PLAINFIELD GARDENS (FORMERLY THE STEENGRAFE ESTATE)', SITUATE IN THE BOROUGH OF SOUTH PLAINFIELD, MIDDLESEX COUNTY, NEW JERSEY", WHICH MAP WAS FILED IN THE MIDDLESEX COUNTY CLERK'S OFFICE ON JULY 10, 1927 AS MAP NO. 1199-679.

> NOTE: BEING LOT 15, BLOCK 416 ON THE TAX MAP OF THE BOROUGH OF SOUTH PLAINFIELD, COUNTY OF MIDDLESEX, STATE OF NEW JERSEY.

> NOTE: LOT AND BLOCK SHOWN FOR INFORMATIONAL PURPOSES ONLY.

B. PHH Mortgage Corporation, ("PHH") is the current servicer of the Loan, which is identified by the Loan Number XXXXXX2403. Ocwen Loan Servicing, LLC serviced the Loan until it merged with PHH on June 1, 2019.

C. Certain disputes have arisen between Borrower and PHH regarding Borrower's Loan. Those disputes are more fully set forth in the pleadings filed in the United States Bankruptcy Court District of New Jersey entitled – Linda Rodriguez versus PHH Mortgage Corporation bearing Case Number 21-01506-MBK hereinafter to be referred to as the "Action." Borrower alleges, *inter alia*, that: (a) PHH violated sections 362(a) and 524(i) of the Bankruptcy Code by failing to properly apply payments as required by the Borrower's chapter 13 bankruptcy plan (the "Plan") and the Bankruptcy Code; (b) PHH violated Rule 3002.1 of the Federal Rules of Bankruptcy Procedure by charging fees to the Loan without providing the required notice; and

that PHH breached the Loan Documents by failing to apply payments received from the Borrower in accordance therewith.

D. Each Party to this Agreement is fully apprised of the facts set forth in these Recitals and of the facts and contentions raised in the Action, and in all other aspects of the dispute between or among the Parties, whether pleaded or not, and possibilities of each action and matter described herein.

E. Each Party denies all allegations, claims and defenses made by the other Party in the Action.

F. Notwithstanding the above, solely in order to avoid the cost, delay and uncertainty of further litigation, the Parties desire to compromise and settle all disputes and claims which exist or which may exist between and among them arising out of the facts, matters, and events set forth above, without admitting any liability and settle their rights and obligations in connection with the Loan Documents.

## AGREEMENTS, RELEASES, AND PROMISES

THEREFORE, in consideration of the facts and general releases and promises contained herein, and for other good and valuable consideration, the sufficiency and receipt of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

1. PHH agrees to remove any charges to the Mortgage Loan other than local real estate taxes and insurance (the "Non-Recoverable Costs"). Non-Recoverable Costs include, without limitation, appraisal fees, inspection fees, attorney's fees, and late fees. PHH agrees to never add or seek repayment of any Non-Recoverable Costs to the Mortgage Loan without first filing of a Notice of Post-Petition Fees under Federal Rule of Bankruptcy Procedure (FRBP) 3002.1. If for any reason, PHH adds a Non-Recoverable Cost to the Mortgage Loan before its being properly noticed under FRBP 3002.1 and does not remove such Non-Recoverable Cost in a manner that is visible on all appropriate reports within thirty days of the initial entry, it shall be deemed to be a breach of this Agreement.

2. PHH represents that all of Borrower's payments have been applied in accordance with the Bankruptcy Code and the Plan. PHH agrees that the Borrower shall be deemed current in all respects with respect to Borrower's obligations under the Loan Documents. PHH covenants to apply all payments received in connection with the Bankruptcy Case in accordance with the Loan Documents, Plan, and the Bankruptcy Code.

3. PHH agrees that, unless prohibited from doing so by applicable law, PHH shall provide periodic statements to Borrower which comply with the requirements of Regulation Z as currently stated in 12 C.F.R. 1026.41. Such content includes, but it's not limited to, any transaction activity since the last statement that credits or debits the amount currently due. This obligation shall continue through the remainder of the Bankruptcy Case and in any subsequent bankruptcy proceeding(s) commenced by Borrower, even if not required by applicable law, if Borrower, Borrower's attorney or any other authorized agents makes a written request to PHH with a copy of this Agreement asking that PHH continue to provide monthly statements throughout the course of such subsequent bankruptcy proceeding(s). PHH further agrees that it will provide Borrower a

copy of the loan history in Native Format within thirty (30) days of receiving any written request therefore by Borrower, Borrower's attorney, or other authorized agent. Native Format does not include any sort of commercial spreadsheet such as Excel or Google Docs, that is capable of being edited.

4. **Payment of Settlement Funds:** PHH agrees to pay $15,000.00 (Fifteen Thousand Dollars and zero cents) (the "Attorney's Fees") by check made to Law Offices of Andy Winchell, P.C. within thirty (30) days of (a) the Effective Date or (b) the date upon which the Law Offices of Andy Winchell, P.C. delivers to PHH a W-9 form, whichever is later. PHH further agrees to pay $5,000.00 (Five Thousand Dollars and zero cents) (the "Mediation Fees") by check made to Chiesa Shahinian & Giantomasi PC within thirty (30) days of (a) the Effective Date or (b) the date upon which PHH receives an executed W-9 form from Chiesa Shahinian & Giantomasi PC, whichever is later.

5. PHH agrees never to add any portion of the Non-Recoverable Costs, the Attorney's Fees, or the Mediation Fees into the Loan. PHH agrees never to seek repayment of the Non-Recoverable Costs, the Attorney's Fees, or the Mediation Fees from any source that might lead to their being added back into the Loan.

6. **Dismissal of Action:** The Parties agree to dismiss the Action with prejudice and without costs. The Parties' counsel shall execute the Stipulation and Order to Dismiss attached as **Exhibit B** to this Agreement simultaneously with the Parties' execution of this Agreement.

7. **Attorneys' Fees:** Each Party shall bear their own attorneys' fees and costs incurred. If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover its reasonable attorney's fees and other expenses incurred in such action. Any award of attorney's fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorney's fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorney's fees paid or incurred in good faith.

8. **Credit Reporting:** Within thirty (30) days of the Effective Date, PHH, through its servicing agent, will submit Universal Data Forms to all three major credit reporting agencies to reflect paid as agreed. Borrower acknowledges and agrees that the credit reporting agencies are separate entities from PHH and that PHH cannot guarantee, warrant, or take responsibility for the performance of the credit reporting agencies in changing, deleting, or making entries in relation to any credit information. Borrower warrants, declares, and covenants that she understands the limitations on PHH in this regard and that any action or inaction on the part of the credit reporting agencies shall not constitute a breach of this Agreement by PHH, nor shall it provide the basis for any claims against PHH, which claims are hereby specifically and expressly waived, discharged and released. If any credit reporting agency fails to properly note the Account consistent with the terms of this Agreement, Borrower hereby agrees to provide written notice of such failure to PHH, through its counsel of record in the Action, and provide PHH a reasonable opportunity thereafter to submit another request to correct the Account to any such credit reporting agency. If any credit reporting agency still fails to delete the Account, Borrower shall provide further written notice of the failure to counsel for PHH in order to make

a request that counsel for PHH provide Borrower with a letter stating that the Account should be deleted by the credit reporting agencies.

9. **Release by Borrower:** Except for the obligations and rights expressly set forth and reserved in Paragraph 8 of this Agreement, in consideration of the recitals, covenants and agreements set forth in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, upon the Effective Date of this Agreement, Linda Rodriguez, for and on behalf of herself and her present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through her (collectively, the "Releasors") hereby unconditionally, irrevocably, forever and fully releases, acquits, and forever discharges PHH Mortgage Corporation, Ocwen Loan Servicing, LLC and their predecessors, principals, parents, heirs, successors, assigns, subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, partners, insurers, investors, attorneys, officers, shareholders, directors, agents, representatives employees, clients, administrators, executors, personal representatives, the beneficiary and investor in the Loan and their predecessors, heirs or successors in interest and assigns, and each of them (the "Releasees"), of and from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind, nature, or amount whether in law or equity, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, including any and all claimed or unclaimed compensatory damages, consequential damages, interest, costs, expenses and fees (including reasonable or actual attorneys' fees) which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the Action, the Property, the Note, the Mortgage, or the Loan. The Borrower also specifically waives and releases any right of rescission under the federal Truth in Lending Act ("TILA") and any other claims they may have, whether known or unknown, fixed or contingent, under TILA, the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement and Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Credit Reporting Act ("FCRA"), or their implementing regulations, or any corresponding state law statute or provision concerning the Note, the Mortgage, the Loan, and/or the Action. It is the intention and effect of this release to discharge all claims that the Releasors have against the Releasees up until and including the date of the execution of this Agreement.

10. **Release Limitations:** This Agreement does not release: (1) claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement; (2) any future disputes between Borrower and PHH, including its successors and assigns, which arise out of or relate to the Parties' continuing relationship as mortgagor and mortgagee; and (3) PHH's (including its successors' and assigns') right to foreclose.

11. **Warranties and Representations:** The Parties hereto warrant and represent that (a) he, she, or it is the sole owner of all rights, claims, damages, actions, causes of action, suits and defenses, as the case may be, at law or in equity, he, she, or it has or may have or that were asserted or could have been asserted in the action, and (b) he, she, or it has not assigned, transferred, conveyed, or purported to assign, transfer, or convey to any person or entity any right, claim, action, cause of action, suit (at law or in equity), defense, demand, debt, liability, account, or

obligation herein released, or any part thereof, or which would, absent such assignment, transfer or conveyance, be subject to the releases set forth in this Agreement.

12. **Acknowledgments**: Each of the Parties acknowledge and agree that:

    a. This Agreement is entered into and executed voluntarily by each of the Parties hereto and without any duress or undue influence on the part of, or on behalf of, any such Party.

    b. Each of the Parties hereto has been represented by counsel of its/their own choice, or has had the opportunity to be represented by counsel and to seek advice in connection with the negotiations for, and in the preparation of, this Agreement and that he, she, or it has read this Agreement and that he, she or it is fully aware of its contents and legal effects. All Parties who are representing themselves are warned to obtain the advice of an attorney before signing this Agreement.

    c. The drafting and negotiation of this Agreement has been undertaken by all Parties hereto and their respective counsel. For all purposes, this Agreement shall be deemed to have been drafted jointly by all of the parties hereto with no presumption in favor of one party over another in the event of any ambiguity.

13. **Tax Consequences**: This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that the modifications and payments set forth in this Agreement reflect the settlement of disputed legal claims and that PHH makes no representations regarding the Agreement's tax consequences. Borrower, however, specifically agrees that she is solely responsible for any and all taxes, interest and penalties due and owing, if any, should the modifications, payments or any portion thereof, be taxable.

14. **Bankruptcy Approval**: This Agreement is subject to approval by the United States Bankruptcy Court for the District of New Jersey in Borrower's Bankruptcy Case, Case No. 19-19288-MBK. This Agreement shall be subject to such approval, and shall be of no force or effect until such approval is obtained. PHH shall reasonably cooperate with Borrower's counsel in obtaining Bankruptcy Court approval of this Agreement.

15. **Compromise of Disputed Claims**: It is understood and agreed that this Agreement is the compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each released Party expressly denies any liability or responsibility whatsoever.

16. **Severability**: If any of the provisions of this Agreement are held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions shall not be affected thereby.

17. **Binding Effect**: This Agreement shall be binding on, and shall inure to the benefit of, the Parties hereto and their respective administrators, representatives, successors, and assigns.

18. **Governing Law:** This Agreement shall be governed by the laws of the State of New Jersey and the Bankruptcy Code and any question arising hereunder shall be construed or determined according to such law.

19. **Further Assurances:** The Parties agree to do all acts and things and to make, execute, acknowledge and deliver such written documents, instructions and/or instruments in such form as shall from time to time be reasonably required to carry out the terms and provisions of this Agreement, including but not limited to, the execution, filing or recording of any reporting documents, affidavits, deeds or agreements. The Parties further agree to give reasonable cooperation and assistance to any other party or parties hereto in order to enable such other Party or Parties to secure the intended benefits of this Agreement.

20. **Counterparts:** This Agreement may be executed by the Parties in any number of counterparts, including by way of facsimile, and each of which shall be deemed to be an original and all of which, collectively, shall be deemed to be one and the same instrument.

21. **Integration Clause:** This Agreement contains the entire agreement between and among the Parties hereto, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between or among them relating to the subject matter of this Agreement. This Agreement may not be amended orally, nor shall any purported oral amendment (even if accompanied by partial or complete performance in accordance therewith) be of any legal force or effect or constitute an amendment of this Agreement, but rather this Agreement may be amended only by an agreement in writing signed by the parties.

22. **Time Is Of The Essence:** Time is of the essence with respect to the performance of any and all provisions of this Agreement.

23. **Headings and Captions:** The headings and captions inserted into this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

24. **Effective Date:** This Agreement shall be deemed effective on the Date that it is signed by all Parties hereto and approved by the Bankruptcy Court.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, each of the Parties hereto has executed this Agreement on the date set forth opposite his, her, or its name below. **The undersigned hereby certify that they have read and fully understand all of the terms, provisions, and conditions of this Agreement and have executed this Agreement voluntarily.**

Dated: 11/10 , 2022

*[signature]*
Borrower: Linda Rodriguez

Dated: Dec. 21 , 2022

*[signature: K. McDowell]*
PHH Mortgage Corporation

Name: Kawanna McDowell
Title: Authorized Signer