# Law Offices of Andy Winchell, P.C.

90 Washington Valley Road
Bedminster, New Jersey 07921
973-457-4710
www.winchlaw.com
andy@winchlaw.com

April 14, 2025

**VIA ECF**
Hon Mark E. Hall
U.S. Bankruptcy Court District of New Jersey
402 East State Street
Trenton, New Jersey 08608

      RE:   Rodriguez v PHH
                 Adv. Pro No. 23-1212 (MEH)
                 In re Linda Rodriguez
                 Bankruptcy Case No. 19-19288 (MEH)
                 <u>United States Bankruptcy Court, District of New Jersey</u>

Dear Judge Hall:

We write in response to the Court's request for a letter explaining the current discovery dispute in this case.[1]

As the Court might recall, the Plaintiff had proposed an additional provision to the form pretrial order to address an issue that had arisen this case. The Plaintiff requested that the Defendant be ordered to "provide the Plaintiff with a copy of a complete, unfiltered, unedited DDCH screen" because the Defendant had not done so in response to repeated requests from this office. The Defendant had only provided a filtered version near the end of 2023. The Defendant eventually indicated that it would respond to the repeated request by March 26, 2024. Based upon that representation, the Court declined to have a specific provision in the pretrial order with respect to the DDCH screen.

On March 27, 2024, following a further inquiry from the Plaintiff, the Defendant produced the attached document. This document is both incomplete and filtered. It is incomplete because it cuts off in August 2023 rather than going to March 17, 2025, the date of the report. The DDCH is obviously filtered because the only way to produce a time-limited portion of a DDCH screen is to apply a date filter. Thus it is apparent that the Defendant intentionally applied a date filer when creating this version of the DDCH screen. The only obvious reason to apply a filter here is to conceal something; otherwise

---

[1] All capitalized terms not otherwise defined herein have the same meaning as in the Plaintiff's Motion for Summary Judgment.

Certified Bankruptcy Specialist – American Board of Certification
A Federally Designated Debt Relief Agency
Licensed in New Jersey, New York and California

the Defendant simply would have generated the entire report and transmitted it to Plaintiff's counsel.[2]

It is now easy to infer at least one reason that the Defendant has been reluctant to produce a complete, unfiltered, unedited DDCH screen. The first version that the Plaintiff received, near the end of 2023, had been filtered to conceal the initial coding on the $20,000 of Attorney's Fees and Mediation Fees that the Settlement Agreement prohibited from being added into the Mortgage Loan. The Plaintiff had anticipated the possibility that such entries might have been coded as recoverable from the Plaintiff. But rather than being coded as "631," recoverable from the borrower, however, the Attorneys Fees and Mediation Fees were coded as "633," recoverable from a third-party, before being recoded as "601" nonrecoverable several weeks later. There is little question why the Defendant attempted to conceal this fact. Paragraph 5 of the Settlement Agreement explicitly prohibits seeking repayment of these fees from a third-party: "[The Defendant] agrees never to seek repayment of the Non-Recoverable Costs, the Attorney's Fees, or the Mediation Fees from any source that might lead to their being added back into the Loan." By coding the fees as third-party recoverable, the Defendant had indicated internally that it intended to recover them from the "investor," the owner of the Mortgage Loan. Paragraph 5 of the Settlement Agreement was designed specifically to prevent the Defendant from seeking recovery from any third party. Thus, the partial DDCH provided on March 27, 2025 establishes yet another breach of the Settlement Agreement that the Defendant had concealed until now.

In light of the Defendant failing to provide a complete, unfiltered, unedited DDCH screen that the Plaintiff has requested and instead producing a filtered version, the Plaintiff renews its request that the Court order the Defendant to produce a complete, unfiltered, and unedited version of the DDCH screen.

Sincerely,

Andy Winchell

Encl.

---

[2] It is a mystery why the Defendant waited ten days to transmit this document. At least at this point, the Plaintiff does not have a reason to believe that the document was edited in some manner beyond the filtration described herein. Nevertheless the Plaintiff reserves the right to seek to inspect the original metadata to confirm that there was in fact no data manipulation beyond the filtration already established.