

May 5, 2025

Reed T. Cohn
T. 212.490.3333
F. 212.490.3332
rcohn@houser-law.com

*Licensed in New York and*
*New Jersey*

Houser LLP
60 East 42nd Street
Suite 2200
New York, NY 10165

www.houser-law.com

ARIZONA

CALIFORNIA

CONNECTICUT

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW MEXICO

NEW YORK

OREGON

WASHINGTON

**VIA ECF**
Hon Mark E. Hall
U.S. Bankruptcy Court, District of New Jersey
402 East State Street
Trenton, New Jersey 08608

|  |  |
|---|---|
| **Case:** | *Linda Rodriguez v. PHH Mortgage Corporation* |
| **Case No.:** | 23-01212-MBK |
| **Re:** | **Defendant's Response to Plaintiff's April 14, 2025 Letter (ECF 22)** |

Dear Judge Hall:

We represent the defendant, PHH Mortgage Corporation ("PHH") in the above-referenced matter. We write in response to the Plaintiff's April 14, 2025 letter at ECF 22 alleging a discovery dispute between the parties, and in response to the Court's request via April 28, 2025 email (cc'd to all parties) for a letter explaining the Defendant's position regarding the current discovery dispute, which was to be submitted to the Court no later than May 5, 2025.

Defendant wants to make clear that, if Plaintiff articulated its position to Defendant via email or phone correspondence, Defendant could have assessed Plaintiff's position, and it would have responded accordingly without necessitating the Court's intervention here. Further, Plaintiff's allegations that Defendant deliberately "concealed" certain prohibited charges/fees is completely baseless and entirely inappropriate in this context.

Defendant's position regarding the discovery dispute is that, while Defendant has produced all the requested DDCH screens to Plaintiff on or before commencement of the current action (August 11, 2023), the post-commencement DDCH screens have no bearing or relevancy to the Plaintiff's current allegations/claims. Plaintiff has failed to amend its Complaint to allege any August 14, 2023 breaches of the parties' settlement agreement or other applicable violations, and any post-discovery production will consistently be a moving target.

Nevertheless, to avoid further Court intervention and motion practice, Defendant has provided the Plaintiff, via a May 2, 2025 email, with the requested DDCH screens from the commencement of this present action on August 11, 2023 through February/early March 2025.

Defendant's current position regarding the discovery dispute is that it wishes for

the Court to enter into a 4th Revised Joint Order Scheduling Pretrial Proceedings, as the Court specified during the March 12, 2025 hearing, but which Plaintiff has been unwilling to presently voluntarily enter into the same. If Plaintiff continues to refuse to voluntarily enter into a 4th Revised Joint Order Scheduling Pretrial Proceedings, Defendant respectfully requests that such scheduling order is 'so ordered' by the Court so that the parties can complete discovery, especially expert discovery, here.

We would be glad to supplement this letter to address any other issues presented to the Court.

Respectfully,

HOUSER LLP

*/s/ Reed T. Cohn*

**Reed T. Cohn, Esq.**