Re: FW: Linda Rodriguez v. Mortgage Services PHH (23-1212) | Moti...

Case 23-01212-MEH    Doc 25-1    Filed 05/13/25    Entered 05/13/25 10:04:55    Desc
Exhibit A    Page 1 of 4

**Subject:** Re: FW: Linda Rodriguez v. Mortgage Services PHH (23-1212) | Motions for Summary Judgment - Hearing Date: 11/14/24 at 10:00 a.m.
**From:** Andy Winchell <andy@winchlaw.com>
**Date:** 5/7/2025 3:04 PM
**To:** Reed Cohn <rcohn@houser-law.com>
**CC:** "Kathleen M. Massimo" <kmassimo@houser-law.com>

Reed--

Can someone at your client competent to do so certify that the two documents combined make up a complete, unedited, and unfiltered DDCH report since roughly June 2019?

Thanks

--Andy

Reed Cohn wrote on 5/6/2025 2:21 PM:

> Andy,
>
> Yes, if you combine the two DDCH screen productions (DEF_201 – DEF_211), then it will show the corporate advances for your client's loan (xxxxxx2403) from roughly June 2019 through roughly February/early March 2025. We have no knowledge that any information has been altered, removed, or withheld during this period.
>
> Thanks,
>
> Reed T. Cohn
> **Attorney**
> **HOUSER**LLP
> 60 East 42nd Street, Ste 2200
> New York, NY 10165
> P: (212) 490-3333   F: (212) 490-3332
> www.houser-law.com
> Offices in Arizona, California, Connecticut, Massachusetts,
> Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington
>
> Admitted to Practice in New York and New Jersey
>
> This electronic message contains information from the law firm of Houser LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at rcohn@houser-law.com.
>
> **From:** Andy Winchell <andy@winchlaw.com>
> **Sent:** Friday, May 2, 2025 4:34 PM
> **To:** Reed Cohn <rcohn@houser-law.com>
> **Cc:** Kathleen M. Massimo <kmassimo@houser-law.com>

**Subject:** Re: Linda Rodriguez v. Mortgage Services PHH (23-1212) | Motions for Summary Judgment - Hearing Date: 11/14/24 at 10:00 a.m.

Reed--

If I combine the two DDCH screens, would that comprise a complete, unedited, and unfiltered DDCH report since roughly June 2019? Or has some of the information been altered, removed, or withheld in some way?

Thanks

--Andy

Reed Cohn wrote on 5/2/2025 3:42 PM:

> Andy,
>
> Please see our client's additional document production in response to your discovery request for the additional DDCH screens. We want to make clear that our client did not apply a "filter" to the DDCH screen; however, we believe that certain fees accounted for are irrelevant to the allegations, as they were added post-Complaint, and the Complaint has never been amended since August 2023. Nevertheless, in the interest of resolving this discovery dispute without further motion practice/court intervention, these additional screens are being voluntarily produced.
>
> We are going to inform the Court of the additional discovery production (as we our under Court Order to reply on or before May 5th), and we are going to request that a joint scheduling order be entered into so that we can complete expert discovery/reports.
>
> Thanks,
>
> Reed T. Cohn
> **Attorney**
> **HOUSER**LLP
> 60 East 42nd Street, Ste 2200
> New York, NY 10165
> P: (212) 490-3333   F: (212) 490-3332
> www.houser-law.com
> Offices in Arizona, California, Connecticut, Massachusetts,
> Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington
>
> Admitted to Practice in New York and New Jersey
>
> This electronic message contains information from the law firm of Houser LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at rcohn@houser-law.com.
>
> **From:** Reed Cohn
> **Sent:** Thursday, March 27, 2025 11:15 AM

**To:** andy@winchlaw.com
**Cc:** Kathleen M. Massimo <kmassimo@houser-law.com>
**Subject:** FW: Linda Rodriguez v. Mortgage Services PHH (23-1212) | Motions for Summary Judgment - Hearing Date: 11/14/24 at 10:00 a.m.

Andy,

Good morning. Please see our client's document production in response to your request, which has been bates stamped (DEF_201 – DEF_209). Please let us know when you have the proposed joint scheduling order so that we can review and then enter the same.

Thanks,

Reed T. Cohn
**Attorney**
**HOUSER**LLP
60 East 42nd Street, Ste 2200
New York, NY 10165
P: (212) 490-3333   F: (212) 490-3332
www.houser-law.com
Offices in Arizona, California, Connecticut, Massachusetts,
Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington

Admitted to Practice in New York and New Jersey

This electronic message contains information from the law firm of Houser LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at rcohn@houser-law.com.

---

**From:** Andy Winchell <andy@winchlaw.com>
**Sent:** Thursday, March 27, 2025 9:59 AM
**To:** Reed Cohn <rcohn@houser-law.com>
**Cc:** Kathleen M. Massimo <kmassimo@houser-law.com>
**Subject:** Re: Linda Rodriguez v. Mortgage Services PHH (23-1212) | Motions for Summary Judgment - Hearing Date: 11/14/24 at 10:00 a.m.

Reed--

It is March 27 and I do not see a response about the DDCH screen. Did I miss an email?

Thanks

--Andy

Reed Cohn wrote on 3/12/2025 12:01 PM:

> Andy,

Re: FW: Linda Rodriguez v. Mortgage Services PHH (23-1212) | Moti...

Case 23-01212-MEH    Doc 25-1    Filed 05/13/25    Entered 05/13/25 10:04:55    Desc
Exhibit A    Page 4 of 4

Good morning. We will respond to your request for the DDCH screen within the next two weeks (or March 26, 2025). We are just not going to include the same in the joint discovery order, and we are going to ensure that our client can produce the same here. Please let us know if/when you will be submitting the joint discovery order with the below language removed from Paragraph 1.

*The Defendant shall provide the Plaintiff with a copy of a complete, unfiltered, unedited DDCH screen with respect to the applicable mortgage loan within 14 days of the date of this order. A party seeking to depose an expert witness shall remit payment to such witness at their customary hourly rate in advance of any such deposition in an amount sufficient to compensate the witness for all deposition time in this case and any outstanding amounts from prior cases involving the same witness.*

Thanks,

Reed T. Cohn
**Attorney**
**HOUSER**LLP
60 East 42nd Street, Ste 2200
New York, NY 10165
P: (212) 490-3333   F: (212) 490-3332
www.houser-law.com
Offices in Arizona, California, Connecticut, Massachusetts,
Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington

Admitted to Practice in New York and New Jersey

This electronic message contains information from the law firm of Houser LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at rcohn@houser-law.com.

**From:** Andy Winchell <andy@winchlaw.com>
**Sent:** Wednesday, March 12, 2025 10:13 AM
**To:** Reed Cohn <rcohn@houser-law.com>
**Cc:** Kathleen M. Massimo <kmassimo@houser-law.com>
**Subject:** Re: Linda Rodriguez v. Mortgage Services PHH (23-1212) | Motions for Summary Judgment - Hearing Date: 11/14/24 at 10:00 a.m.

Reed--

Please provide me a date by which time your client commits in writing to providing the complete, unfiltered, and unedited DDCH screen. I thought that two weeks from the entry of the scheduling order would have been more than enough to time to deliver something that takes seconds to generate, that should have been produced in response to a request a year ago, and that I mentioned more than a month ago.